

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Hershgordon v. Pathmark Stores Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2731

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Hershgordon v. Pathmark Stores Inc" (2008). *2008 Decisions.* Paper 892.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/892

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2731

_____

ROBERT HERSHGORDON,

Appellant

v.

PATHMARK STORES, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-01234)
District Judge: Hon. Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2008

BEFORE: AMBRO, CHAGARES and COWEN , Circuit Judges

(Filed: July 7, 2008)

_____

OPINION

_____

COWEN, Circuit Judge.

Robert Hershgordon appeals from the District Court's grant of summary judgment

in favor of Pathmark Stores, Inc. ("Pathmark").  Hershgordon asserted that Pathmark

discriminated against him based on his disability when it did not allow him to return to

work following back surgery. We will affirm.

I.

Hershgordon began working for Pathmark in April 2002 as a shift supervisor. In July 2002, Hershgordon injured his back while on the job. After this injury, Hershgordon continued to work at Pathmark without restrictions. In September 2002, Hershgordon was promoted to night store manager.

Hershgordon underwent back surgery in August 2003. He was out of work from August 2003 until October 2003. Hershgordon was subject to certain doctor's restrictions upon his return to work.

In January 2004, Hershgordon underwent a second back surgery. He was unable to return to work for eight months. In September 2004, his doctor cleared him to return to work with certain restrictions. Pathmark determined that he could not return to work with the restrictions as given, and denied his request to return to work.

Subsequently, a Pathmark official suggested to Hershgordon that he submit a request for a reasonable accommodation. On November 2, 2004, Hershgordon submitted a request for a reasonable accommodation along with a physical capabilities evaluation filled out by his doctor. Hershgordon specifically requested that he return to the night manager position, or that he be promoted to a trainee for assistant store manager or general store manager. On November 11, 2004, Pathmark's American With Disabilities ("ADA") committee denied Hershgordon's request for a reasonable accommodation. In

2

denying the request, the committee noted that it carefully considered the doctor's mandated restrictions as they related to Hershgordon's night manager position. The committee concluded that the work activity restrictions were such that any reasonable accommodation would be insufficient to allow Hershgordon to function as a non-union associate.

On November 21, 2004, Hershgordon submitted a second request for a reasonable accommodation along with a physical capabilities form filed out by his doctor that was less restrictive than the November 2 submission. Pathmark's ADA committee rejected this second request. Specifically, the committee noted that while the new restrictions illustrated Hershgordon's improvement, the reasonable accommodations that could be provided would be insufficient for Hershgordon to function as a non-union associate.

In January 2005, Pathmark's ADA committee reopened Hershgordon's case based on an independent medical examination. While the committee noted Hershgordon's continued improvement, it once again found that any reasonable accommodation that Pathmark might provide would be insufficient to enable Hershgordon to function as a non-union associate.

In March 2006, Hershgordon filed his complaint in the District Court. Hershgordon alleged that Pathmark violated the ADA when it refused to reinstate him to the night store manager position. After the close of discovery, the District Court granted summary judgment in favor of Pathmark. It determined that Hershgordon failed to

establish his prima facie case because Pathmark did not regard him as disabled.

Hershgordon timely filed a notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a District Court's order granting summary judgment.  See Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 322 n.2 (3d Cir. 2005).

## III.

The ADA prohibits discrimination against a qualified individual with a disability because of the disability of such individual.  See 42 U.S.C. § 12112(a).  To make out a prima facie case of discrimination under the ADA, a person must establish that he (1) has a disability; (2) is a qualified individual; and (3) has suffered an adverse employment action because of that disability.  See Turner v. Hershey Chocolate, U.S., 440 F.3d 604, 611 (3d Cir. 2006) (citations omitted).  "The term 'disability' means, with respect to an individual - (A) a physical or mental impairment that substantially limits one of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  In this case, Hershgordon asserted that Pathmark regarded him as having a disability pursuant to prong (C) of the ADA's disability definition.  A person is "regarded as" having a disability if he:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
> (2) Has a physical or mental impairment that substantially

4

limits major life activities only as a result of the attitudes of others toward such impairment; or
(3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.

Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 187 (3d Cir. 1999). To prevail under the "regarded as" prong, the plaintiff must establish that the employer believed that he was limited in his ability to work in "either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." See Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999). Stated differently, "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job." Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999); see also Taylor, 177 F.3d at 192 ("An employer who simply, and erroneously, believes that a person is incapable of performing a particular job will not be liable under the ADA. Liability attaches only to a mistake that causes the employer to perceive the employee as disabled within the meaning of the ADA, i.e., a mistake that leads the employer to think that the employee is substantially limited in a major life activity.").

In this case, the record indicated that Pathmark only considered Hershgordon to be temporarily incapable of performing his job of night store manager. This is not enough to make Pathmark liable under the ADA. Summary judgment was proper because Pathmark only regarded Hershgordon's injury as temporary. See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002) (noting that temporary non-chronic impairment of short

5

duration is not a disability covered by the ADA); see also Pollard v. High's of Balt., Inc., 281 F.3d 462, 471 n.5 (4th Cir. 2002) (noting that the employer did not regard employee as disabled where the decision not to allow employee to return to work "was not done based on a faulty perception that she would never return to that position"). Indeed, Hershgordon's own doctor told Pathmark's ADA committee that Hershgordon's prognosis was "good." Furthermore, an employer only regards a person as disabled if it determines that the person cannot perform a wide range of jobs. See Taylor, 177 F.3d at 192; see also Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996) ("the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action"). Hershgordon relies heavily on Taylor in his appellate brief. However, this case is unlike Taylor. In Taylor, the employer determined that the plaintiff was unable to perform *any* job in the supermarket. See 177 F.3d at 188.

## IV.

The District Court properly entered summary judgment in favor of Pathmark. Appellant's uncontested motion to strike a portion of his appellate brief is granted. We will affirm.

6